UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DANNY GARCIA,

        Plaintiff,

   v.

DR. KALISHER, et. al.,

        Defendants.

No. C 15-0045 NJV (PR)

**ORDER OF SERVICE**

Plaintiff, a state prisoner at Correctional Training Facility, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. The court dismissed the original complaint with leave to amend and plaintiff has filed an amended complaint. (Docs. 4, 6.)

**DISCUSSION**

**A.     Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff alleges that he was provided inadequate medical care and that the inmate grievance system is ineffective.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could

1  result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The
2  existence of an injury that a reasonable doctor or patient would find important and worthy of
3  comment or treatment; the presence of a medical condition that significantly affects an
4  individual's daily activities; or the existence of chronic and substantial pain are examples of
5  indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

6       A prison official is deliberately indifferent if he or she knows that a prisoner faces a
7  substantial risk of serious harm and disregards that risk by failing to take reasonable steps
8  to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only
9  "be aware of facts from which the inference could be drawn that a substantial risk of serious
10 harm exists," but he "must also draw the inference." *Id.* If a prison official should have
11 been aware of the risk, but was not, then the official has not violated the Eighth
12 Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,
13 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison
14 medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*
15 *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

16      Plaintiff describes how defendants Dr. Kalisher, Nurse Gurkey, and Nurse Mandage
17 provided inadequate care with respect to a misdiagnosed hernia and subsequent cancer
18 treatments. These allegations are sufficient to proceed as a violation of the Eighth
19 Amendment and the defendants will be ordered served. Plaintiff's claim regarding the
20 inmate grievance system is dismissed because there is no constitutional right to a prison
21 administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th
22 Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *accord Wolff v. McDonnell*,
23 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for
24 administrative review of disciplinary decisions).

25      Plaintiff also alleges that he was at a medical appointment for a regular check up
26 where he thanked the nurses for their care but stated he had a painful lump on his leg and
27 required more urgent care. One of the nurses stated that plaintiff needed to put in a
28

medical request, but plaintiff responded that he already submitted a request but could not see a doctor.  Plaintiff then laid down on the floor in order to signify the need for emergency medical help.  Correctional Officer Hernandez, who was nearby and witnessed the conversation, did not provide plaintiff help and told him not to turn the medical center into a circus.  Plaintiff alleges that Hernandez was deliberate indifferent to his serious medical needs.  Plaintiff has failed to demonstrate that Hernandez knew plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  Plaintiff does not state that he passed out or fell down, rather that he purposely laid down on the floor when the nurses did not provide him with the care he requested.  Plaintiff states Hernandez denied him medical care.  Hernandez, however, is not qualified to make medical determinations.  It was reasonable for Hernandez, a correctional officer, to defer to the nurse's judgment in this situation, especially as this incident occurred in the medical center.  Thus, Plaintiff's allegations against Hernandez are insufficient to state a claim on which relief can be granted.

**CONCLUSION**

1. Plaintiff's motion for an extension of time (Docket No. 5) is **GRANTED** and the amended complaint is deemed timely filed.

2. Defendant Hernandez is dismissed from this action and the claim regarding the inmate grievance system is dismissed.

3. The clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, copies of the amended complaint with attachments and copies of this order on defendants Dr. Kalisher, Nurse Gurkey, and Nurse Mandage at Correctional Training Facility in Soledad, CA.

4. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported

4

by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

      b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

      c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      d. If defendants wishes to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   5. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the

5

document to defendants or defendants' counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 6, 2015.

NANDOR J. VADAS
United States Magistrate Judge